## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| RALPH WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-CV-83 RLW |
| | ) | |
| CORTEX TRANSPORT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Cortex Transport, Inc.'s unopposed Motion to Set Aside Clerk's Entry of Default and for Leave to File Answer Out of Time.   (ECF No. 16). No response has been filed to the motion, and the time to do so has passed.   For the following reasons, the motion will be granted.

### *Background*

This action was filed on November 30, 2022, by Plaintiff Ralph Woods against Defendants Cortex Transport, Inc. ("Cortex") and Jarvy Vidal.   Plaintiff alleges Defendant Jarvy Vidal was an employee and/or agent of Cortex at the time he was operating a tractor-trailer owned or leased by Cortex.   Plaintiff alleges Defendant Jarvy Vidal operated the tractor-trailer in a negligent manner when he caused a crash along US 24 Highway in unincorporated Randolph County, Missouri, resulting in injuries to Plaintiff.   Plaintiff asserts Missouri state law claims for negligence against Defendants Cortex and Jarvy Vidal.[1]

---

[1] Plaintiff asserts this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff alleges he is a citizen of Missouri and that both defendants are citizens of California. Plaintiff also alleges the amount in controversy is in excess of $75,000.

Defendant Cortex's registered agent, Valentin Cortez, was served with summons and complaint on December 6, 2022.   Cortex had twenty-one days to file an answer or otherwise defend but failed to do so.   On February 6, 2023, a Clerk's Entry of Default pursuant to Fed. R. Civ. P. 55(a) was entered against defendant Cortex, and the company is in default.   On April 12, 2023, counsel entered an appearance on behalf of Cortex and filed the instant motion to set aside the Clerk's Entry of Default.

### *Discussion*

An entry of default under Rule 55(a) will not automatically be set aside.   Rule 55(c), Fed. R. Civ. P., provides that a court may set aside an entry of default for good cause.   The Eighth Circuit Court of Appeals has explained that when "examining whether good cause exists, a district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'"   Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008) (quoting Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)).   Where a defaulting party does not show good cause for the default as required by Rule 55(c), however, a court does not abuse its discretion in declining to consider the meritoriousness of the party's defense or the potential prejudice to the plaintiff from setting aside the entry of default. McMillian/McMillian, Inc. v. Monticello Ins. Co., 116 F.3d 319, 320 (8th Cir. 1997).

In applying this analysis, the Eighth Circuit "focus[es] heavily on the blameworthiness of the defaulting party."   Johnson, 140 F.3d at 784.   In so doing, Eighth Circuit "cases have consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines.   We have rarely, if ever, excused the former."   Id.   In contrast, the Eighth Circuit "has often granted

2

Rule 55(c) and Rule 60(b) relief for marginal failures when there were meritorious defenses and an absence of prejudice."   Id.

"Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party."   Stephenson, 524 F.3d at 914 (internal quotation marks and quoted case omitted).   "The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default." Id. (cleaned up).     With respect to the issue of prejudice, "delay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff."   Id. at 915.   "Setting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."   Id. (cleaned up).

The Court is also mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment.   See United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993).   "The entry of a default judgment should be a rare judicial act."   Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (cleaned up).

In its motion, Cortex asserts that its counsel and plaintiff's counsel had been engaged in communications before the suit was filed.   According to the motion, "Defendant received the summons packet in this case and was under the mistaken belief that counsel that had been previously retained to defend Defendant was aware of the suit filing and would respond to the [suit]."   (ECF No. 16 at 2).   The motion asserts that Mr. Matthew J. Brooker, who filed the motion to set aside the entry of default on Cortex's behalf, was unaware that the suit had been filed until it was brought to his attention by a paralegal on April 11, 2023.   Cortex asserts that

immediately thereafter, Mr. Brooker contacted Plaintiff's counsel and confirmed that Plaintiff did not object to the relief Cortex is requesting in its motion to set aside the entry of default.

The Court finds that Cortex has made an adequate showing of good cause to set aside the entry of default under Rule 55(c).   Under Eighth Circuit precedent, entries of default and even default judgments have been set aside in the face of more neglectful conduct than exists in this case.   See, e.g., Union Pac. R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 783 (8th Cir. 2001) (district court abused its discretion by refusing to grant relief from a default judgment where the defendant neglected to file an answer because of a recording error by its legal department); Feeney v. AT & E, Inc., 472 F.3d 560 (8th Cir. 2006) (district court abused its discretion in refusing to set aside part of a judgment, where the defendant's claimed "excusable neglect" was that he had not checked his mail for two months, and therefore did not respond to plaintiffs' summary judgment motion); Johnson, 140 F.3d at 784–85 (district court abused its discretion in refusing to set aside a default that resulted from "poor communication" between the defendant, its attorney, and its insurer, despite the Eighth Circuit's finding that the defendant and its attorney acted "carelessly" and even exhibited a "cavalier approach" to the filing deadline).   Because Plaintiff has not responded to the motion, the Court finds there is no prejudice to Plaintiff if the entry of default is set aside.   The Court will grant Cortex's motion to set aside the Clerk's entry of default.

In its motion, Cortex also requests that it be granted leave to file its answer out of time. The Court will grant this request as well.   However, the Court notes that Cortex filed its answer prior to obtaining leave to do so.   Cortex's counsel is advised that when leave to file a document is sought, the document for which leave is required must be submitted as an attachment to the motion for leave and should not be filed as a separate document directly in the record without

4

leave.   See CM/ECF Procedures Manual, Sec. II.B.   Future filings must conform to this procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cortex Transport, Inc.'s Motion to Set Aside Clerk's Entry of Default and for Leave to File Answer Out of Time is **GRANTED**.   [ECF No. 16]


_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  _5th_  day of June, 2023.

5