## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

RALPH WOODS, )
)
     Plaintiff, )
)
v. )     No. 2:22-CV-83 HEA
)
CORTEX TRANSPORT, INC., )
)
     Defendant, )
)

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Quash, [Doc. No. 42]. Defendant opposes the motion. For the reasons set forth below, the motion will be denied.

### Facts and Background

Plaintiff brought this action to recover damages which allegedly resulted from a vehicular collision wherein a tractor trailer driven by an employee of Defendant collided with Plaintiff's vehicle. Plaintiff's Complaint alleges injuries to his neck and back. Plaintiff claims past and future pain and suffering, medical care and future surgical intervention. Defendant has subpoenaed Plaintiff's medical records from the Missouri Department of Corrections from 2012 to the present. Plaintiff argues the subpoena seeks privileged documentation and is overbroad in scope and timeframe, and therefore has moved to quash the subpoena.

## Legal Standard

Under the federal rules, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. In turn, Federal Rule 45(d)(3)(A) provides: "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that

> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). "'In short, the undue burden standard of Rule 45 calls for a balancing test that pits the relevance of and need for the testimony (on one side of the scale) against the burdens associated with supplying the testimony (on the other side of the scale).'" *Johnson v. Jefferson Cnty., Missouri*, No. 4:22-CV-00375-JSD, 2023 WL 5377565, at *1–2 (E.D. Mo. Aug. 22, 2023)(quoting

*Arkansas State Conf. NAACP v. Arkansas Bd. of Apportionment*, No. 4:21-CV-01239-LPR, 2022 WL 300917, at *6 (E.D. Ark. Jan. 31, 2022).

## Discussion

Plaintiff alleges injury to his neck and low back. He claims he has suffered permanent and disabling injuries as a direct result of the incident. He contends he has required, and will continue to require, medical treatment and future surgical intervention.

Plaintiff claims that the subpoenaed documents should be limited to these alleged physical injuries. Plaintiff has not provided any authorizations for medical records to Defendant.

 Under Missouri law, medical records are protected by the physician-patient testimonial privilege codified in Rev. Stat. Mo. § 491.060(5). *State ex rel. Stecher v. Dowd*, 912 S.W.2d 462, 464 (Mo. banc 1995). However, by bringing this lawsuit, plaintiff put his physical condition into issue and thereby waived the physician-patient privilege to the extent the subject medical records bear on the issue. *Id*. While the pleadings in a case may limit the scope of permissible disclosure of otherwise privileged medical records, *id*., the record of this action indicates that plaintiff alleges he has suffered substantial injuries.

However, a defendant's request for medical records, to avoid being too broad, must be limited to a relevant period and directed to specific, relevant sources. *State ex rel. Jones v. Syler*, 936 S.W.2d 805, 808 (Mo. banc 1997); see

also *Roberson v. Target Corp.*, No. 4:17 CV 2277 DDN, 2019 WL 13206943, at *1–2 (E.D. Mo. Feb. 12, 2019)

The Court finds that Plaintiff has put his physical health at issue in this lawsuit, making his medical treatment records discoverable. Further, the Court determines that production of these documents is not precluded by any privilege recognized by federal courts. See *Johnson v. Jefferson Cnty., Missouri*, No. 4:22-CV-00375-JSD, 2023 WL 5377565, at *1–2 (E.D. Mo. Aug. 22, 2023)(citing *Heilman v. Waldron*, 287 F.R.D. 467, 473 (D. Minn. 2012) ("Federal courts have consistently refused to recognize a federal physician-patient privilege, and the Advisory Committee Notes to the Federal Rules of Evidence concluded that there is 'little if any basis' for such a privilege.").

Although Plaintiff argues the subpoena is overly broad in scope and time, Plaintiff does not give detail other than to state he was not incarcerated and did not work for the Department of Corrections at the time of the incident. Defendant's subpoena is however limited in scope and time by virtue of the time Plaintiff spent within the Department.

## Conclusion

The Court holds Plaintiff's Motion to Quash is denied. The Court orders the Missouri Department of Corrections to produce the requested records that relate to Plaintiff's back and neck from 2012 to present.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash, [Doc. No.

42], is **DENIED**.

Dated this 27th  day of November,  2024.


_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE