UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| RALPH WOODS, | ) |
|     Plaintiffs, | ) |
| v. | ) Case No. 2:22CV83 HEA |
| CORTEX TRANSPORT, INC., | ) |
|     Defendant. | ) |

### **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File his Amended Complaint and add Jarvy Vidal as a Defendant, [Doc. No. 75]. Defendant Cortex opposes the Motion. For the reasons set forth below, the Motion is denied.

On December 2, 2024, the Court denied Plaintiff's Motion for Leave to File Amended Complaint and Add Jarvy Vidal as a Defendant because Plaintiff failed to seek equitable tolling as to Mr. Vidal. Plaintiff now asks the Court to do so. Plaintiff filed his Complaint on November 30, 2022, alleging personal injuries resulting from a motor vehicle accident on March 26, 2018.

Plaintiff was originally unsuccessful in serving Jarvy Vidal with notice of the suit, despite multiple extensions of time to do so. On June 5, 2023, the Court ordered Plaintiff to promptly serve Mr. Vidal by June 26, 2023. The Court admonished Plaintiff that failure to serve Mr. Vidal could result in dismissal of the claims against him.

Plaintiff failed to serve Mr. Vidal within the time provided by the final extension of time granted by the Court. On July 10, 2023, Mr. Vidal was dismissed from this action by Judge Ronnie White's Order.

Plaintiff once again seeks to add Mr. Vidal and now asks the Court to equitably toll the time for bringing the suit against him. In support of his Motion, Plaintiff states that despite diligent search, Plaintiff was unable to locate Mr. Vidal. Plaintiff advises the Court that he hired a private investigator, it was impossible to ascertain if Mr. Vidal had left the United States, that he attempted to ascertain whether Mr. Vidal was in the United States, and attempted to ascertain Mr. Vidal's whereabouts.

Plaintiff claims that without confirmation that he could in fact serve Mr. Vidal, a motion to file an amended complaint adding Mr. Vidal as a party would have been fruitless.

According to Plaintiff, his investigator notified him on July 14, 2024, that Mr. Vidal was in California. A motion for leave to file amended complaint was filed on July 16, 2024.

The Missouri statute of limitations for personal injury actions is five (5) years. R.S.Mo. § 516.120. The five-year statute of limitations expired on March 26, 2023. Missouri's Saving's Statute permits a previously dismissed action or nonsuit to be refiled within a year of the prior dismissal. R.S.Mo. § 516.230. The savings statute expired on June 26, 2024.

While Plaintiff seeks equitable tolling in this matter, he did not timely seek

2

to add Mr. Vidal back to the lawsuit or to refile his previously dismissed claims against him. He does not give any reasons why he did not advise the Court of the inability to locate Mr. Vidal within the year of Mr. Vidal's dismissal. Plaintiff's reasons for not seeking to add him back into the action are insufficient to apply the extraordinary measure of equitably tolling the Missouri Savings Statute. *Merritt v. Mesmer*, 2021 WL 1102456, at 1 (E.D. Mo. Feb. 12, 2021)  Plaintiff was not prohibited from advising the Court during the year of his difficulties and asking the Court at that time to toll the statute. Plaintiff has failed to establish the failure to serve Mr. Vidal was because of circumstances beyond his control. Nothing in the record before the Court gives rise to equitable tolling.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File his Amended Complaint and add Jarvy Vidal as a Defendant, [Doc. No. 75], is denied.

Dated this 11th day of April, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE